# Supreme Court of Florida

_____

No. SC16-1685
_____

## IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 4-1.19 AND FLORIDA FAMILY LAW RULE OF PROCEDURE 12.745 (COLLABORATIVE LAW PROCESS).

[May 18, 2017]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Rules Regulating the Florida Bar (Bar Rules) and the Florida Family Law Rules of Procedure (Family Law Rules), pertaining to the collaborative law process in family law cases. We have jurisdiction. See art. V, §§ 2(a), 15, Fla. Const.

## BACKGROUND

In In re Amendments to the Florida Family Law Rules of Procedure, 84 So. 3d 257 (Fla. 2012), this Court considered proposed amendments to the Family Law Rules addressing the collaborative law process. As we explained in our 2012 opinion, the collaborative law process is a contractual, voluntary, and nonadversarial dispute resolution process, occurring between represented parties,

to resolve some family law matters.  Id. at 258.  Although we commended the Family Law Rules Committee (Rules Committee) for its study of the collaborative law process, we declined to adopt the proposed rule at that time in part because there was "the possibility of legislative action addressing the use of the collaborative law process in Florida."  Id.

Since our decision, in 2016, the Florida Legislature adopted the Collaborative Law Process Act.  See ch. 2016-93, Laws of Fla.  The purpose of the Act was to create "a uniform system of practice" for a collaborative law process in family law cases to encourage "the peaceful resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures" and to preserve the working relationship between parties to a family law dispute.  See id. § 3.  The Legislature also provided that the provisions of the Act would not take effect "until 30 days after the Florida Supreme Court adopts rules of procedure and professional responsibility consistent with this act."  See id. § 8.

Consistent with this charge, The Florida Bar and the Rules Committee have jointly filed a petition requesting that the Court adopt new Bar Rule 4-1.19 (Collaborative Law Process in Family Law) and new Family Law Rule 12.745 (Collaborative Law Process).  The Florida Bar Board of Governors unanimously approved the proposed rules for submission to the Court.  The Bar and the Rules Committee published formal notice of their intent to file a petition in The Florida

<u>Bar News</u> and directed that comments be filed with the Court; the Court received one comment in favor of the proposed amendments.[1] In November 2016, we issued an order requesting that the Steering Committee on Families and Children in the Court and the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy also file comments addressing the proposals. The Bar and the Rules Committee were requested to file a response to these comments.

The Court heard oral argument in this matter. At oral argument, concerns were raised about the amount of costs and fees that may be incurred in this voluntary process. To address those concerns, following oral argument, we issued an order directing the Bar and the Rules Committee to file an amended proposal for Bar Rule 4-1.19, or other amendments to the Rules of Professional Conduct as necessary, to include provisions requiring collaborative lawyers to inform clients considering participation in the collaborative law process as to the fees or costs the client may reasonably expect to incur, including the lawyer's fees and reasonable fees for the neutral mental health and financial professionals who would be retained to participate in the process. The Bar and the Rules Committee submitted

---

1. This comment, from Attorney Robert J. Merlin, also included minimum standards for the certification of collaborative attorneys, mental health professionals, and financial professionals, as well as standards for introductory collaborative training. We do not address those standards in this opinion as that is outside the scope of the Petition.

their amended proposal that adds subdivision (a)(8) to Bar Rule 4-1.19 as well as a corresponding comment explaining the obligation to inform the client about costs and fees, including those of all professionals.

We have fully considered the joint petition, the comments and the responses, and the amended proposal. In accordance with the Act and the Legislature's request that the Court adopt rules of procedure and professional responsibility consistent with the Act, we adopt new Bar Rule 4-1.19 and new Family Law Rule 12.745 as revised by the Bar and the Rules Committee, with some modifications. We discuss the more significant aspects of the new rules below.

**AMENDMENTS**

New Bar Rule 4-1.19 (Collaborative Law Process in Family Law) outlines the professional conduct required of an attorney representing a party in the collaborative law process. Subdivision (a) (Duty to Explain Process to Prospective Client) of the rule requires a lawyer to obtain a client's informed consent to proceed in the collaborative law process; this requires the lawyer to provide the client with sufficient information about the collaborative law process. Among the eight items listed in subdivision (a), the lawyer is required to advise his or her client as to the benefits and risks associated with the collaborative law process to resolve family law matters; other alternatives to the collaborative law process; that participation in the collaborative law process is voluntary, and the client may

- 4 -

unilaterally terminate his or her participation for any reason; and the limitations on the lawyer's ability to represent the client in subsequent legal proceedings if the collaborative law process is terminated. We note, in particular, that lawyers have an obligation to inform their clients of the fees or costs the client may reasonably expect to incur in the collaborative law process, including the lawyer's fee and reasonable fees for mental health and financial professionals. This obligation is codified in Bar Rule 4-1.19(a)(8) that sets forth the obligation of the lawyer to explain the "fees and costs the client can reasonably expect to incur in the collaborative law process, including the fees of the lawyers, mental health professionals, and financial professionals."

Also Bar Rule 4-1.19, subdivision (b) (Written Agreement Required) provides that a lawyer may not represent a client in the collaborative law process unless all lawyers and clients participating in the process have signed a written agreement. Subdivision (c) (Duty to Address Domestic Violence) provides that, before a lawyer agrees to represent a client in the collaborative law process, the lawyer must reasonably inquire whether the client has a coercive or violent relationship with another party in the family law matter; the lawyer must also make reasonable efforts throughout the process to continue to assess whether a coercive or violent relationship exists. A lawyer may not represent a party in the collaborative law process if the lawyer reasonably believes the client has a history

of any coercive or violent relationship with another party unless certain criteria are met.

New Family Law Rule 12.745 (Collaborative Law Process) outlines procedures for the collaborative law process, including in instances where a family law proceeding is pending before a court and the parties elect to enter into the collaborative law process.[2]  Subdivision (b) (Collaborative Law Process) describes how the collaborative law process is initiated, how it may be concluded or terminated, and how a party participating in the collaborative law process may discharge his or her attorney or how the attorney may withdraw from representation.  Additionally, subdivision (d) (Alternative Dispute Resolution Permitted) of rule 12.745 provides that the rule shall not be construed to prohibit parties from using any other permissible form of alternative dispute resolution to reach a settlement on any of the issues in the collaborative law process.  Indeed, collaborative law is only one of several types of alternative dispute resolution available to parties in family law cases.  See, e.g., Fla. Fam. L. R. P. 12.740 (Family Mediation); 12.741 (Mediation Rules); 12.742 (Parenting Coordination).  Finally, subdivision (f) (Disqualification of Collaborative Lawyer and Lawyers in Associated Law Firm) provides that a lawyer representing a party in the

---

2.  We have revised the Rules Committee's proposal throughout rule 12.745 to refer to the "court," rather than the "tribunal."

- 6 -

collaborative law process, or any lawyer working in the same law firm, is disqualified from representing the party in a court proceeding related to the collaborative matter except in specifically identified circumstances.

**CONCLUSION**

Accordingly, we amend the Rules Regulating the Florida Bar and the Florida Family Law Rules of Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective July 1, 2017, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules Regulating The Florida Bar and Florida Family Law Rules of Procedure

Judge Laurel Moore Lee, Chair, Family Law Rules Committee, Tampa, Florida; William J. Schifino, Jr., President, The Florida Bar, Tampa, Florida; Michael J. Higer, President-elect, The Florida Bar, Miami, Florida; Michelle R. Suskauer, President-elect Designate, West Palm Beach, Florida; and John F. Harkness, Jr., Executive Director, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, Elizabeth Clark Tarbert, Ethics Counsel, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Robert J. Merlin of Robert J. Merlin, P.A., Coral Gables, Florida; Judge Christine Greider, Chair, Steering Committee on Families and Children in the Court, Naples, Florida; Judge Rodney Smith, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Miami, Florida; Susan C. Marvin, Chief, Alternative Dispute Resolution Center, Tallahassee, Florida; and Edward G. Rubinoff of Kutner, Rubinoff & Moss, P.A., Coconut Grove, Florida,

Responding with Comments

# APPENDIX

## RULES REGULATING THE FLORIDA BAR

## RULE 4-1.19     COLLABORATIVE LAW PROCESS IN FAMILY LAW

(a) **Duty to Explain Process to Prospective Client.** A lawyer must obtain the informed consent of a prospective client in a family law matter to proceed in the collaborative law process after providing the prospective client with sufficient information about the collaborative law process, including, but not limited to, the following:

(1) the benefits and risks of the collaborative law process to resolve a family law matter;

(2) the nature and scope of the matter to be resolved through the collaborative law process;

(3) the material benefits and risks of participating in the collaborative law process;

(4) alternatives to the collaborative law process;

(5) that participation in the collaborative law process is voluntary and any client may unilaterally terminate the collaborative law process for any reason;

(6) that the collaborative law process will terminate if any participating client initiates a proceeding or seeks court intervention in a pending proceeding related to the collaborative law matter after the clients have signed the collaborative law agreement;

(7) limitations on the lawyer's participation in subsequent proceedings imposed by family law court rules on the collaborative law process; and

(8) fees and costs the client can reasonably expect to incur in the collaborative law process, including the fees of the lawyers, mental health professionals, and financial professionals.

**(b)   Written Agreement Required.**  A lawyer is prohibited from representing a client in the collaborative process in a family law matter unless all participating lawyers and clients sign a written agreement that includes:

(1)     a statement of the clients' intent to resolve a matter through the collaborative law process under these rules;

(2)     a description of the nature and scope of the matter;

(3)     identification of the lawyers participating in the collaborative law process and which client(s) they represent;

(4)     that the clients will make timely, full, candid and informal disclosure of information related to the collaborative matter without formal discovery and will promptly update previously disclosed information that has materially changed;

(5)     that participation in the collaborative law process is voluntary and any client may unilaterally terminate the collaborative law process for any reason;

(6)     that the collaborative law process will terminate if any participating client initiates a proceeding or seeks court intervention in a pending proceeding related to the collaborative law matter after the clients have signed the collaborative law agreement; and

(7)     that the clients understand that their lawyers may not represent the clients or any other person before a court in a proceeding related to the collaborative law matter except as provided by court rule.

**(c)   Duty to Address Domestic Violence.**  A lawyer must reasonably inquire whether a prospective client has a history of any coercive or violent relationship with another party in a family law matter before agreeing to represent a client in the collaborative law process and must make reasonable efforts to continue to assess whether a coercive or violent relationship exists between parties in a family law matter throughout the collaborative law process.  A lawyer may not represent a client in the collaborative law process in a family law matter and must terminate the client-lawyer relationship in an existing collaborative law process in a family law matter if the lawyer reasonably believes that the lawyer's client has a

history of any coercive or violent relationship with another party in the matter unless:

        (1)    the client requests to begin or continue the collaborative law process; and

        (2)    the lawyer reasonably believes that the safety of the client can be protected during the collaborative law process.

## COMMENT

The collaborative law process involves the nonadversarial resolution of disputes through voluntary settlement procedures. Florida statutes and court rules permit collaborative law to resolve disputes in family law. Lawyers engaging in the collaborative law process in family law matters must comply with legislative and court requirements regarding the process. As part of this nonadversarial and voluntary resolution of disputes, lawyers who engage in the collaborative law process in a family law matter, and any other lawyers in that lawyer's firm, may not afterwards represent any party in any related proceeding except to request that a court approve the settlement reached during the collaborative law process or in specified emergency situations in accordance with family law court rules.

Before agreeing with the client to proceed in the collaborative law process in a family law matter, a lawyer should first consider whether a prospective client is an appropriate candidate for the collaborative law process and must provide the prospective client with sufficient information regarding the benefits and risks of the process, including the lawyer's limitations regarding subsequent proceedings. See also rules 4-1.4 and 4-1.2. To determine whether a prospective client is a good candidate for the collaborative law process, the lawyer must inquire regarding any history of coercive or violent relationships with any other persons who would be parties to the collaborative law process in the family law matter. See also rules 4-1.1 and 4-1.2. The lawyer also must provide the prospective client with information about other reasonably available alternatives to resolve the family law matter, which may include litigation, mediation, arbitration, or expert evaluation. See also rule 4-1.4. The lawyer should assess whether the prospective client is likely to cooperate in voluntary discovery and discuss that process with the prospective client. See rules 4-1.1 and 4-1.2. The lawyer should also advise the prospective client that the collaborative law process will terminate if any party initiates litigation or other court intervention in the matter after signing a collaborative law agreement. Id. The lawyer should discuss with the client the

fact that the collaborative law process is voluntary and any party to a collaborative law agreement may terminate the process at any time. Id. The lawyer must provide the client with information about costs the client can reasonably expect to incur, including fees and costs of all professionals involved. See rules 4-1.4 and 4-1.5.

An agreement between a lawyer and client to engage in the collaborative law process is a form of limited representation which must comply with all requirements of limited scope representations, including the requirement that the client must give informed consent in writing. See rule 4-1.2(c). The agreement between lawyer and client should include the nature and scope of the matter to be resolved through the collaborative law process, the material benefits and risks to participating in the collaborative law process, and the limitations on the lawyer's representation.

If a client agrees to participate in the collaborative law process and then terminates the process or initiates litigation regarding the dispute, the lawyer should terminate the representation. See rule 4-1.16.

## FLORIDA FAMILY LAW RULES OF PROCEDURE

## RULE 12.745.    COLLABORATIVE LAW PROCESS

(a)    **Application.** This rule governs all proceedings under chapter 61, part III, Florida Statutes.

(b)    **Collaborative Law Process.**

(1)    **Initiating Process.**

(A)    A collaborative law process begins, regardless of whether a legal proceeding is pending, when the parties sign a collaborative law participation agreement.

(B)    When a proceeding is pending before a court, the parties may sign a collaborative law participation agreement to seek to resolve a matter related to the proceeding. The parties shall promptly file with the court a notice of the agreement after it is signed and it shall operate as an application for a stay of the proceeding. A court in which a proceeding is stayed under this subdivision

may require the parties and collaborative lawyers to provide a status report on the collaborative law process and the proceeding.  The status report may only indicate whether the process is ongoing or concluded and no other information.  The status report may not include a report, assessment, recommendation, finding, or other communication regarding a collaborative matter.  A court shall provide notice to the parties and an opportunity to be heard before dismissing a proceeding, in which a notice of collaborative process is filed, based on delay or failure to prosecute.  A court may not consider a communication made in violation of this subdivision.

**(2)     Concluding and Terminating Process.**  A collaborative law process is concluded by:

(A)     the resolution of a collaborative matter as evidenced by a signed record;

(B)     the resolution of a part of the collaborative matter, evidenced by a signed record, in which the parties agree that the remaining parts of the matter will not be resolved in the process;

(C)     a party unilaterally terminating the collaborative law process, with or without cause, by

(i)     giving notice to other parties in a record that the process is ended,

(ii)     beginning a contested proceeding related to a collaborative matter without the agreement of all parties, or

(iii)     in a pending proceeding related to the matter:

a.     initiating a pleading, motion, order to show cause, or request for a conference with the court;

b.     requesting that the proceeding be put on the court's active calendar; or

c.     taking similar action requiring notice to be sent to the parties; or

- 13 -

(D)     except as otherwise provided by subdivision (b)(3), a party discharging a collaborative lawyer or a collaborative lawyer withdrawing from further representation of a party.

If a proceeding is pending before a court, the parties shall promptly file with the court notice in a record when a collaborative law process concludes. Any stay of the proceeding is lifted when the notice is filed. The notice may not specify any reason for termination of the process.

**(3)     Discharge or Withdrawal from Representation.** A party's collaborative lawyer shall give prompt notice to all other parties in a record of a discharge or withdrawal. If a proceeding was pending prior to the initiation of the collaborative process, the party's collaborative lawyer shall comply with the requirements of Florida Rule of Judicial Administration 2.505. Notwithstanding the discharge or withdrawal of a collaborative lawyer, a collaborative law process continues, if not later than 30 days after the date that the notice of the discharge or withdrawal of a collaborative lawyer is sent to the parties:

(A)     the unrepresented party retains a successor collaborative lawyer; and

(B)     in a signed record:

(i)     the parties consent to continue the process by reaffirming the collaborative law participation agreement; and

(ii)     the agreement is amended to identify the successor collaborative lawyer and the successor attorney signs the participation agreement.

**(c)     Approval of Interim Agreements.** A collaborative law process does not conclude if, with the consent of the parties, a party requests a court to approve a written agreement resolving an issue in the collaborative matter while other issues remain pending.

**(d)     Alternative Dispute Resolution Permitted.** Nothing in this rule shall be construed to prohibit the parties from using, by mutual agreement, any other permissible form of alternative dispute resolution to reach a settlement on any of the issues included in the collaborative process.

**(e) Emergency Order.** During a collaborative law process, a court may issue emergency orders to protect the health, safety, welfare, or interest of a party or a family or household member as defined in section 741.28, Florida Statutes.

**(f) Disqualification of Collaborative Lawyer and Lawyers in Associated Law Firm.**

(1) Except as otherwise provided in subdivision (f)(3), a collaborative lawyer is disqualified from appearing before a court to represent a party in a proceeding related to the collaborative matter.

(2) Except as otherwise provided in subdivisions (b)(3) and (c), a lawyer in a law firm with which the collaborative lawyer is associated is disqualified from appearing before a court to represent a party in a proceeding related to the collaborative matter if the collaborative lawyer is disqualified from doing so under subdivision (f)(1).

(3) A collaborative lawyer or a lawyer in a law firm with which the collaborative lawyer is associated may represent a party:

(A) to ask a court to approve an agreement resulting from the collaborative law process; or

(B) to seek to defend an emergency order to protect the health, safety, welfare, or interest of a party, or a family or household member as defined in section 741.28, Florida Statutes, if a successor lawyer is not immediately available to represent that person, but only until the party or family or household member is represented by a successor lawyer or reasonable measures are taken to protect the health, safety, welfare, or interest of that person.