# Supreme Court of Florida

_____

No. SC19-1032
_____

**IN RE: AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE—FORMS 12.985(a)-(g) (COLLABORATIVE LAW PROCESS).**

October 15, 2020
**CORRECTED OPINION**

PER CURIAM.

This matter is before the Court for consideration of proposed new Florida Family Law Rules of Procedure Forms. We have jurisdiction.[1]

The Florida Bar's Family Law Rules Committee (Committee) filed a report proposing new Family Law Rules of Procedure Forms 12.985(a)-(g). *See* Fla. R. Jud. Admin. 2.140. The Committee's proposals are in response to the Legislature's enactment of Part III of Chapter 61, Florida Statutes, (Collaborative Law Process Act), and this Court's adoption of corresponding rules. *See In re Amends. to Rule Regulating Fla. Bar 4-1.19 & Fla. Fam. Law Rule of Pro. 12.745 (Collaborative Law Process)*, 218 So. 3d 440 (Fla. 2017). The Committee now

---

1. *See* art. V, § 2(a), Fla. Const.

proposes new forms to serve as a general guide for lawyers who may be newly engaged in the collaborative law process since the adoption of the new statutes and rules of procedure.

The Board of Governors unanimously approved the new proposed forms. The Committee published the proposed forms for comment before filing them with the Court and received one comment; after considering the comment, the Committee determined that no changes to the proposals were necessary. Subsequently, this Court published the proposals for comments, and received several comments. The Committee filed responses to the comments and an amended appendix, which include minor revisions to the proposed forms in response to some of the comments. Upon consideration of the report, the comments, and the Committee's responses, we adopt the new forms as proposed.[2]

**AMENDMENTS**

The introduction and explanatory remarks to new Forms 12.985(a)–(g) explain the purpose of the new forms for use in the collaborative law process. Additionally, new Form 12.985(a) (Explanation of Collaborative Dissolution Process Attorney-Client) explains the collaborative law process and, in accordance with Rule Regulating the Florida Bar 4-1.19, is intended to be presented to the

---

2. Minor corrections and revisions were made to the forms as proposed by the Committee.

client before entering the collaborative law process. New Forms 12.985(b)(1) (Collaborative Law Participation Agreement Principles and Guidelines) and 12.985(b)(2) (Collaborative Law Participation Agreement) are collaborative law participation agreements that detail the guidelines and principles of the collaborative law process.

New Form 12.985(c) (Joint Notice of Collaborative Law Participation Agreement) is a notice to be filed with the court when an action for dissolution of marriage or paternity is pending and the parties choose to use the collaborative law process. Also, new Form 12.985(d) (Confidentiality Agreement (for Neutral or Individual Consultant or Note Taker)) is a confidentiality agreement to be used by neutral or individual consultants or note takers to maintain confidentiality in the collaborative law process. New Form 12.985(e) (Amendment to Collaborative Law Process Participation Agreement) is a form that can be used when a new collaborative law attorney is substituted for a former collaborative law attorney and the collaborative law process continues with the clients and other participants.

Further, new Form 12.985(f) (Notice of Termination of Collaborative Law Process) is a notice to be filed with the court when the collaborative law process terminates while an action for dissolution of marriage or paternity is pending. Finally, new Form 12.985(g) (Joint Verified Petition and Verified Answer for Dissolution of Marriage) is filed with the court after the parties resolve the matter

- 3 -

through the collaborative law process to request that the court ratify the parties' collaborative agreement.

## CONCLUSION

Accordingly, Florida Family Law Rules of Procedure Forms 12.985(a)-(g) are hereby adopted as set forth in the appendix to this opinion, fully engrossed. The amended forms will also be available on the Florida State Courts' website at https://www.flcourts.org/Resources-Services/Court-Improvement/Family-Courts/Family-Law-Forms. The new forms shall become effective immediately upon release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.
GROSSHANS, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Supreme Court Approved Family Law Forms

Mary Lou Cuellar-Stilo, Chair, and Maria Liliana Obradovich, Past Chair, Family Law Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Gregory Firestone of My Florida Mediator, Tampa, Florida; Rosemarie S. Roth of Rosemarie S. Roth, P.A., Miami, Florida; Anthony M. Genova, Co-Chair, Miami, Florida, and K. Beth Luna, Co-Chair, Rules and Forms Committee, Family Law Section of the Florida Bar, Jacksonville, Florida, and Amy Hamlin, Chair, Family Law Section of the Florida Bar, Altamonte Springs, Florida; and Honorable

- 4 -

Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Daytona Beach, Florida, and Juan R. Collins, Dispute Resolution Center, Tallahassee, Florida,

Responding with comments

# APPENDIX

# INTRODUCTION AND EXPLANATORY REMARKS FOR
# FLORIDA FAMILY LAW RULES OF PROCEDURE FORMS 12.985(a–g)
# COLLABORATIVE DISSOLUTION PROCESS FORMS (10/20)

The purpose of these forms is to serve as a general guide for attorneys engaged in a Collaborative Law Process for Dissolution of Marriage matter and a potential source of information for non-lawyers and participants in the process seeking to better understand the Collaborative Law Process for a Dissolution of Marriage.

The forms presented supplement Family Law Rule of Procedure 12.745 and Part III of Chapter 61, Florida Statutes, regarding the Collaborative Law Process for Dissolution of Marriage. Additionally, the "Explanation of Collaborative Law Process" and other forms satisfy the requirements of Florida Bar Rule of Professional Conduct 4-1.19 for disclosure by Collaborative law attorneys to clients regarding the Collaborative Law Process for Dissolution of Marriage matters.

## Where can I look for more information?

Considering that the Collaborative Law Process for Dissolution of Marriage in Florida is not designed to be a *pro se* process, specially trained Collaborative attorneys will be involved in every case, usually with specially trained financial and mental health neutrals participating as part of the Collaborative Team to assist the parties in reaching a peaceful and amicable dissolution of their marriage. The attached forms are not intended to be all inclusive for every form for every situation or issue that might be needed in a Collaborative Law Process for Dissolution of Marriage. The many collaborative law practice groups throughout the state and the state-wide Florida Academy of Collaborative Professionals have websites with additional information and forms, as well as, members who are available to provide mentoring and assistance with access to the many training programs in the Collaborative Practice that are offered throughout each year at various locations around the state of Florida.

Introduction and Explanatory Remarks for Florida Family Law Rules of Procedure Forms 12.985(a–g) Collaborative Dissolution Process Forms (10/20)

- 6 -

# FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.985(a)
## EXPLANATION OF COLLABORATIVE DISSOLUTION PROCESS
## ATTORNEY–CLIENT (10/20)

We, *{Name of Attorney(s) and Prospective Client}* _____,
_____ had a consultation on *{Date}* _____ during
which we discussed your family matter. I/We informed you of the following:

A. The choices that you have for handling your family matter, including reconciliation, representing yourself (pro se), going to mediation with or without an attorney representing you before anything has been filed in court, filing papers in court with or without an attorney representing you to ask a judge to resolve your family matter, going to mediation after papers have been filed in court with or without you being represented by an attorney, and using the Collaborative Law Process;

B. The benefits and risks of each of the process choices to handle your family matter;

C. The nature and scope of your matter to be handled if you choose to use the Collaborative Law Process and how that process generally works;

D. That the Collaborative Law Process cannot be used by you unless your spouse chooses to use that process as well;

E. The material benefits and risks of handling your matter using the Collaborative Process;

F. If you choose to use the Collaborative Law Process, your participation is voluntary and either you or your spouse can choose to leave the process at any time;

G. That if you and your spouse choose to use the Collaborative Law Process, the process will be terminated if you or your spouse initiate proceedings or seek court intervention except in limited circumstances; and

H. That if you and your spouse choose to use the Collaborative Law Process, I/we and your spouse's Collaborative attorney will be disqualified from representing you and your spouse in any future litigation in court against each other over the subject matter of the Collaborative Law Process.

In the Collaborative Law Process, both you and your spouse must retain an attorney. Our fees and costs will be billed to you pursuant to the Retainer Agreement that you have entered into with us and there may be an Addendum to the Retainer Agreement once you and your spouse officially choose to use the Collaborative Law Process by signing a Participation Agreement. The other attorney will bill your spouse according to their retainer agreement.

Florida Family Law Rules of Procedure Form 12.985(a), Explanation of Collaborative Dissolution Process (10/20)

I/We usually use a neutral facilitator in the Collaborative Law Process, who most likely will have a mental health background. That person will have his or her own retainer agreement with you and your spouse and the facilitator will be paid by you and/or your spouse. You can expect the facilitator to require a retainer of between $ _____ and $ _____ and to bill in the range of $ _____ - $ _____ per hour for his or her services.

If there are financial issues in your matter, you and your spouse may retain the services of a neutral financial professional, such as a forensic accountant or a financial planner. You and your spouse will also enter into a retainer agreement with the neutral financial professional and be responsible for payment of that person's fees. You can expect to pay that professional a retainer in the range of $ _____ - $ _____. The financial professional will bill on an hourly basis for his or her services and those of his or her staff. The hourly rates will vary depending upon who works on your matter. The hourly rate typically varies between $ _____ - $ _____ per hour.

It is impossible to estimate the total cost of your matter because there are so many variables that will affect the time and cost needed to conclude the process. At this time, I/we do not know what the issues in dispute will be with your spouse. The simpler and fewer disputed issues that you have with your spouse, the lower the total cost of the process will be. A significant factor in the total cost for the Collaborative Law Process will be how much you and your spouse cooperate with each other and the professionals. Cooperation should reduce the cost for each of the professionals and a lack of cooperation will cause the professionals to spend more time, which will cost you and your spouse more money.

You will receive monthly invoices from our office and you should receive monthly invoices from the facilitator and the financial professional. Therefore, you should know each month how much this process is costing. The cost of a process to resolve family matters is an important factor to consider when you negotiate with your spouse. Our experience has been that the Collaborative Law Process should cost less money and take less time than traditional litigation, but there will be costs involved no matter what process you use to resolve your differences with your spouse. I/We will talk to you regularly about the financial and emotional costs of decisions that you are going to make, and I/we will consult with you about how the disputes with your spouse would possibly be resolved if you were using another dispute resolution method. Please feel free to discuss with us any questions that you have about the Collaborative Law Process and the costs involved.

I/We look forward to helping you to resolve your differences with your spouse. Our goal will be to minimize the financial, emotional, and time costs to your family. Please feel free to contact us if you ever have any questions about anything related to your matter and how we are representing you.

_____
(Name of Client's Attorney(s))
(Name of Law Firm)

I understand that it is not possible for my Collaborative attorneys to determine in advance the exact amount of time that will be needed to complete my matter or how much it will cost me and my spouse. I

understand that my Collaborative attorneys will use their best judgment to determine the amount of time, who is to perform the work, and the nature of the services to be performed on my behalf. I acknowledge that I will be kept fully informed by my Collaborative attorneys of the time devoted to my matter through monthly billings.

I acknowledge that I have read and that I understand this Explanation of Collaborative Law Process and by signing below, I acknowledge that I have chosen to use the Collaborative Law Process to resolve my differences with my spouse.

Dated this _____ day of _____, 20_____.


                                              _____

                                              (Name of Client(s))
                                              (CLIENT(S))

# FLORIDA FAMILY LAW RULES OF PROCEDURE
# FORM 12.985(b)(1)
# COLLABORATIVE LAW PARTICIPATION AGREEMENT
# PRINCIPLES AND GUIDELINES (10/20)

_____ and _____, Esquire, *{Client's name}*'s attorney(s) _____, and *{Client's name}*'s _____ attorney(s) have chosen to use the principles of the Collaborative Law Process to settle the issues related to the dissolution of their marriage. *{Client's name}* _____ and *{Client's name}* _____, hereinafter referred to as the "Clients" or "Client", have been apprised by their respective attorney(s) of possible alternatives and have chosen the Collaborative Law Process to proceed with their divorce. The Clients further understand that the law and the courts may confer certain rights and impose certain obligations with respect to property settlement and support but they are not confined by those laws nor to how a judge might rule. The Clients are free to negotiate and resolve issues in the manner that best suits their own needs and those of their family. This Agreement is being entered into pursuant to, and consistent with, Florida Statutes Sections 61.55-58, Florida Family Law Rules of Procedure 12.745 and Rules Regulating the Florida Bar 4-1.19.

An interdisciplinary collaborative approach will be utilized in this process which integrates the legal, emotional, and financial aspects of the Clients' divorce. This will be accomplished by using collaborative professionals, in particular, a Collaborative Facilitator/Mental Health Professional (MHP), a Collaborative Financial Professional (FP), and two Collaborative attorneys, who comprise the Collaborative Team (the "Team"). The MHP and FP will be retained jointly by the Clients, and they will act as neutral professionals in the process.

The Collaborative Team may also choose to jointly engage additional consultants/experts for purposes of valuation, cash flow analysis, tax issues, retirement programs analysis, child development needs, and any other issue that the Clients agree requires expert advice and/or recommendations. If, in addition, either Client desires to consult with an outside expert on his or her own, he or she may do so, but will advise the rest of the Team prior to consulting with the outside expert.

## 1. GOALS

The Collaborative Team and Clients acknowledge that the essence of the Collaborative Law Process is the shared belief by the participants that it is in the best interests of the Clients and their family to commit themselves to avoiding litigation. We, therefore, adopt this conflict resolution process, which does not rely on a court-imposed resolution, but relies on an atmosphere of honesty, cooperation, transparency, integrity, and professionalism geared toward the future well-being of the family. The goal is to minimize, if not eliminate, the negative economic, social, and emotional consequences of litigation to the Clients and their family. All parties commit ourselves to the Collaborative Law Process and agree to seek a resolution outside of litigation.

Florida Family Law Rules of Procedure Form 12.985(b)(1), Collaborative Law Participation Agreement Principles and Guidelines (10/20)

- 10 -

## 2. NO COURT OR OTHER INTERVENTION

- The Clients acknowledge that they have mutually and voluntarily chosen to use the Collaborative Law Process and they understand that their participation in the process is voluntary and either Client may terminate the process at any time, with or without cause.

- The Clients commit to resolving this matter without court intervention.

- The Clients agree to engage in informal discussions and conferences to negotiate the settlement of all issues.

- The Clients agree to direct all attorneys, financial professionals, mental health professionals, consultants, and other experts retained by the Clients to work in a cooperative effort to resolve issues without resort to litigation or any other external decision-making process, except as agreed to by the Collaborative Team and the Clients.

- Unless otherwise agreed, no summons or petition will be served or filed, nor will any other motion or document be filed that would initiate court intervention prior to the signing of a Collaborative Marital Settlement Agreement.

- In the rare event that a petition has been filed prior to the case becoming a Collaborative case, a motion for abatement will be filed with the court to obtain a stay of those proceedings while the Clients participate in the Collaborative Law Process.

- The Clients understand that if either of them unilaterally seeks court action in a pending dissolution of marriage case, the Collaborative Law Process will be automatically terminated.

- When the Clients have reached a final agreement, a Joint Petition for Dissolution of Marriage and Answer will be filed. One or both of the Clients will appear with counsel at the uncontested final hearing at which time it will be requested that the court enter a Final Judgment of Dissolution of Marriage ratifying the Clients' agreement. This is the only time an appearance in court will be required, if the Clients resolve everything through the Collaborative Law Process.

## 3. INFORMATION GATHERING/DISCOVERY

The Clients agree to deal with each other in good faith and to promptly provide all necessary and reasonable information requested. No formal discovery procedures will be used. By using informal discovery, the Clients are giving up certain investigative procedures and methods that would be available in litigation. The Clients do this with the specific understanding that both of the Clients will make full financial disclosure of all income, assets, liabilities, and other information necessary for an equitable settlement. If a Client or a Collaborative Professional requests that a Client provide a document or information, the Client from whom the document or information is requested will provide it in a timely manner, no more than thirty days after the request is made, unless otherwise agreed to by the other Client or Collaborative Team, including taking reasonable steps to obtain the document or information from a third party.

Florida Family Law Rules of Procedure Form 12.985(b)(1), Collaborative Law Participation Agreement Principles and Guidelines (10/20)

- 11 -

The Clients agree to give full, honest, and open disclosure of all information, whether requested or not. The Clients shall provide each other with any written authorizations requested which may be necessary to obtain information and documentation or to prepare Qualified Domestic Relations Orders or other documents.

The Clients understand that participation in the Collaborative Law Process and the settlement reached are based upon the assumption that both Clients have acted in good faith and have provided complete and accurate information to the best of their ability. Each Client will sign a sworn Financial Affidavit making full and fair disclosure of their income, expenses, assets, and liabilities in accordance with Florida law. The Clients have a continuing duty during the Collaborative Law Process to supplement the disclosure made as their circumstances change or as additional information becomes available, including, but not limited to, providing an amended sworn Financial Affidavit.

### 4. GENERAL PRINCIPLES OF THE COLLABORATIVE LAW PROCESS

- The Clients understand that there is no guarantee that the Collaborative Law Process will result in the Clients resolving all of their differences.

- The Clients acknowledge that each of the Collaborative attorneys is independent from the other, represents only one Client in this Collaborative Law Process, and that neither Client is a third-party beneficiary of the other Client's attorney's work for his or her own Client. The Clients acknowledge that each Collaborative attorney is only in privity of contract with, and only owes a duty to, his or her individual Client and that the Collaborative attorney is not in privity of contract with, or owe a duty to, the other Client.

- The Clients understand that the Collaborative Law Process cannot eliminate concerns about the disharmony, distrust, and irreconcilable differences that have led to the current conflicts between the Clients.

- The Clients understand that they are still expected to assert their respective interests and that their respective attorneys will help her or him do so.

- The Clients understand that while the Collaborative attorneys share a commitment to the process described in this document, each of them has a professional duty to represent his or her Client diligently, and is not the attorney for the other Client.

### 5. TEMPORARY AGREEMENTS

In the event that either Client requires a temporary agreement for any purpose or enters into a partial agreement on any matter, the agreement will be put in writing and signed by the Clients. If either Client withdraws from the Collaborative Law Process, the written agreement may be presented to the court as a basis for the entry of an order recognizing and enforcing those agreements, which the court shall make retroactive to the date of the written agreement.

### 6. PROFESSIONALS' FEES AND COSTS

The Clients agree the Collaborative Professionals are entitled to be paid for their services and their costs, and the Clients agree to make funds available for this purpose initially and throughout the Collaborative

Florida Family Law Rules of Procedure Form 12.985(b)(1), Collaborative Law Participation Agreement Principles and Guidelines (10/20)

- 12 -

Law Process. The payment of the professionals' fees and costs will be an issue to be resolved during one or more of our joint meetings, as necessary. The initial determination of how the professionals' fees and costs will be paid is not necessarily a determination of the ultimate responsibility to pay the Collaborative Professionals' fees and costs, which can be negotiated by the parties as part of a comprehensive settlement.

## 7. PARTICIPATION WITH INTEGRITY

- The Collaborative Team and the Clients will work to protect the privacy, respect, and dignity of all involved, including the Clients, attorneys, other Collaborative Professionals and any experts/consultants.

- The Collaborative Team and the Clients will maintain a high standard of integrity and specifically shall not take advantage of each other or of the miscalculations or inadvertent mistakes of others, but shall identify and correct such mistakes.

- The Collaborative Team and the Clients will respect each other, which includes all of their communications with each other, whether written or verbal.

## 8. EXPERTS AND CONSULTANTS

- If consultants or experts are needed, the Clients will retain them jointly unless both of the Clients and their attorneys agree otherwise in writing. The payment of the consultants' or experts' fees, which will be the responsibility of the Clients, will be resolved so as to ensure that they will be paid throughout the Collaborative Law Process.

- If the Collaborative Law Process terminates, any new consultants or experts subsequently hired will be permitted to review the work product and reports of prior consultants or experts to facilitate the transition to litigation, but only if the Clients mutually agree.

## 9. CHILDREN'S ISSUES

- The Clients agree to maintain the children's interests as their highest priority.

- In resolving issues about sharing the enjoyment of and responsibility for the children, the Clients, with the assistance of the Collaborative Professionals, will make every effort to reach amicable solutions that promote the children's best interests.

- The Clients agree to act quickly to resolve differences related to the children to promote a caring, loving, and involved relationship between the children and both the Clients.

- The Clients agree not to seek a custody evaluation while in the Collaborative Law Process.

- The Clients agree to isolate the children from involvement in the disputes and not to engage in inappropriate communications regarding the dissolution of the Clients' marriage or this process in the presence of the children. Nothing will be discussed with the children about this process without the mutual agreement of the Clients.

Florida Family Law Rules of Procedure Form 12.985(b)(1), Collaborative Law Participation Agreement Principles and Guidelines (10/20)

- 13 -

## 10. NEGOTIATION IN GOOD FAITH

- The Clients understand that the process, even with full and honest disclosure, will involve vigorous good faith negotiations.

- The Clients agree that each of them will negotiate in good faith. Each of them will be expected to take a reasoned position in all disputes. Where such positions differ, each of them will be encouraged to use their best efforts to create proposals that meet the Clients' fundamental needs and if necessary to compromise to reach a settlement of all issues.

- Although each Client may discuss the likely outcome of litigation, neither the Clients nor the Collaborative Team will use threats of abandoning the Collaborative Law Process or of litigation as a way of imposing a settlement on one or both of the Clients.

## 11. ABUSE OF THE COLLABORATIVE LAW PROCESS

We understand that a Collaborative attorney will withdraw from representing his or her Client as soon as possible upon learning that the Client has withheld or misrepresented information or otherwise acted so as to undermine or take unfair advantage of the Collaborative Law Process. Examples of such violations of the process are: abusing the Clients' minor children, planning to remove a minor child from the state without the prior written consent of the other Client, or failure to participate in the spirit of the Collaborative Law Process. In addition:

NEITHER CLIENT WILL DISPOSE OF ANY ASSETS EXCEPT AS AGREED TO IN WRITING BY BOTH CLIENTS. NEITHER CLIENT WILL FAIL TO DISCLOSE THE EXISTENCE OF ANY ASSETS OR LIABILITIES TO THE OTHER CLIENT. ALL CURRENTLY AVAILABLE INSURANCE COVERAGE WILL BE MAINTAINED AND CONTINUED. NEITHER CLIENT SHALL BORROW AGAINST, CANCEL, TRANSFER, DISPOSE OF OR CHANGE BENEFICIARIES OF ANY INSURANCE OR OTHER COVERAGE INCLUDING LIFE, HEALTH, AUTOMOBILE, AND DISABILITY, HELD FOR THE BENEFIT OF THE CLIENTS OR THEIR MINOR CHILDREN, WITHOUT WRITTEN PERMISSION OF THE OTHER CLIENT.

NEITHER CLIENT WILL, WITHOUT THE WRITTEN PERMISSION OF THE OTHER CLIENT, INCUR ANY DEBTS OR LIABILITIES FOR WHICH THE OTHER CLIENT MAY BE HELD RESPONSIBLE.

## 12. DISQUALIFICATION BY COURT INTERVENTION

The Clients understand that each attorney's representation of his or her Client with respect to the subject of this matter is limited to the Collaborative Law Process and other non-adversarial dispute resolution methods, and that neither of the attorneys can ever represent his or her Client in litigation against the other Client related to the issues in this matter other than for an uncontested hearing. Once the Clients settle all of their issues related to this matter, the attorneys will prepare all required papers to be filed with the court to obtain an uncontested final judgment. Each of the Collaborative attorneys and any attorney "in association" with that attorney is forever disqualified from appearing as attorney of record for any party to litigation or in any other contested family law matter in litigation involving the Clients and the subject matter of this Process, such as a proceeding or action for dissolution of marriage or for modification or enforcement of judgment or order, writs and/or appeals. An attorney will be deemed "in association" with a Collaborative attorney if, at any time during the pendency of a proceeding for

Florida Family Law Rules of Procedure Form 12.985(b)(1), Collaborative Law Participation Agreement Principles and Guidelines (10/20)

- 14 -

dissolution of marriage or future family law proceedings between the Clients that is related to the subject matter of this Collaborative matter, such attorney is the employer or employee of, co-employee with, or partner in the firm or shares a relationship of independent contractor status with either of the Collaborative attorneys.

In the event that the Collaborative Law Process terminates, the Clients agree that, except upon mutual written agreement of the Clients to the contrary, all consultants or experts retained by either Client or attorney, or whose work product is used by either Client or attorney during the term of this Agreement, will be disqualified as an expert witness for either Client to testify as to any matter related to the consultant's or expert's work product in the Collaborative Law Process. However, if the Collaborative Law Process is terminated and the Clients participate in subsequent litigation of the matters that are the subject of this process, the Clients can mutually agree in writing to use the work product of the MHP, FP, a consultant, or an expert in the contested litigation with the consent of the MHP, FP, consultant, or an expert.

### 13. STATEMENTS OF CLIENTS AND ATTORNEYS

- All communications, whether verbal, written, or otherwise, among the Clients and any of the Collaborative Professionals in the Collaborative Law Process are deemed settlement discussions and will be confidential and privileged under Florida law, and may not be offered as evidence in any subsequent proceedings, except as provided by Florida law. Nonetheless, statements by any Client that indicate an intent or disposition to endanger the health or safety of either Client, child abuse or neglect, elder abuse, the commission of a crime or fraud or as part of a plan to commit a crime or a fraud, or to create a public hazard, will not be privileged or deemed confidential and, in fact, must be disclosed to appropriate authorities under Florida law.

- All documents expressly identified and entitled "For Settlement Purposes Only" in the Collaborative Law Process shall be inadmissible and not a waiver of privilege, for any purpose in any subsequent proceeding except as otherwise mutually agreed to by the Clients and Collaborative Professionals, and no such communications will be deemed to be a waiver of any privilege or confidentiality of any Client.

- The Clients understand that some of the communications between the Collaborative professionals will be intended to facilitate the negotiation between the Clients of a mutually acceptable settlement and may not be shared with the Clients. Each Collaborative attorney will provide information to the Client as the attorney deems appropriate under the circumstances, always mindful of the attorney's ethical obligation that the Client receives sufficient information to provide informed consent to any agreements to be entered into through the Collaborative Law Process.

### 14. TERMINATION OF COLLABORATIVE LAW PROCESS

- If the Collaborative Team is unable to resolve any matters within this process, the Clients agree that a mediator will be retained by the Clients, chosen by the attorneys and the Clients, in an attempt to help the Clients resolve the dispute prior to the Clients taking any action before a court of competent jurisdiction, except in emergency situations.

Florida Family Law Rules of Procedure Form 12.985(b)(1), Collaborative Law Participation Agreement Principles and Guidelines (10/20)

- After mediation, if the case is still not resolved, either Client may unilaterally terminate the Collaborative Law Process by giving written notice to the other Client and his or her attorney of the decision to terminate the process. Either attorney may withdraw from this matter unilaterally by giving 10 days written notice of such election to the other Client and his or her attorney. This election does not terminate the Collaborative Law Process if the Client whose attorney withdraws retains a new attorney who agrees in writing to be bound by this Agreement and the other Client and the Collaborative professionals consent to the new attorney participating in this process within thirty (30) days of the notices of withdrawal being sent by the attorney who withdrew.

- Upon termination of the Collaborative Law Process, there will be a 30-day waiting period (unless there is an emergency) before any court hearing, to permit both Clients to retain litigation attorneys and to make an orderly transition to litigation, as it is mandatory that both Collaborative attorneys withdraw from representing his or her Client upon the termination of the Collaborative Law Process. The intent of this provision is to avoid surprise and prejudice to the rights of the other Client. It is therefore mutually agreed that either Client may bring this provision to the attention of a court in requesting a postponement of a hearing scheduled within thirty (30) days of the termination of the Collaborative Law Process.

**WE HEREBY PLEDGE TO COMPLY WITH AND TO PROMOTE THE SPIRIT AND WRITTEN WORD OF THIS AGREEMENT.**

Dated: _____     Dated: _____

_____     _____
PARTICIPANT     PARTICIPANT
*{Name of Client 1}*     *{Name of Client 2}*

_____     _____
*{Name of Attorney for Client 1}*     *{Name of Attorney for Client 2}*

_____     _____
*{Name of Financial Professional}*     *{Name of Neutral Facilitator}*

Florida Family Law Rules of Procedure Form 12.985(b)(1), Collaborative Law Participation Agreement Principles and Guidelines (10/20)

# FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.985(b)(2)
## COLLABORATIVE LAW PARTICIPATION AGREEMENT (10/20)

The undersigned Clients, _____, and _____, hereby agree that they intend to resolve through the Collaborative Law Process, under Florida's Collaborative Law Process Act, without the intervention of a court or other tribunal, the following collaborative matter(s):

### I. BEGINNING AND ENDING THE PROCESS

The Collaborative Law Process governed by this Agreement begins when they both sign this Agreement. It concludes upon:

(A) the resolution of the collaborative matter(s) listed above, as evidenced by a signed record;

(B) the resolution of a part of the collaborative matter(s) listed above, evidenced by a signed record, in which we, the Clients, agree that the remaining parts of the matter will not be resolved in the process; or

(C) the unilateral termination of the Collaborative Law Process, with or without cause, by one of the Clients, as described below in Section VI of this Agreement.

### II. ATTORNEYS

A. EACH CLIENT HAS A SEPARATE ATTORNEY. No legal duty, by contract or otherwise, is owed to either Client by the other's Collaborative attorney.

B. ATTORNEYS ARE ENGAGED FOR THIS PROCESS ONLY. The Clients understand that each Collaborative attorney, and any member of their firm, is disqualified from representing either Client in any adversarial proceeding related to the collaborative matter(s) listed above, except to protect their Client in an emergency until successor counsel is available. The Clients' Collaborative attorneys may also file required status reports, appear at required collaborative case management conferences and assist the Client in obtaining entry of court orders ratifying temporary or permanent agreements or finalizing a divorce, as these are not adversarial proceedings but part of the Collaborative Law Process.

C. WITHDRAWAL OR DISCHARGE. Either Collaborative attorney may withdraw by giving prompt written notice to their Client and to any other participants. Either Client may discharge the Collaborative attorney at any time and the Collaborative attorney will give prompt written notice of such discharge to all participants. Upon either the withdrawal or discharge of a Collaborative attorney, the Collaborative Law Process will terminate, except as described in Section VI below.

**III. OTHER PROFESSIONALS**

A. IDENTIFICATION OF NONPARTY PARTICIPANTS. The Clients acknowledge that participation of others in the Collaborative Law Process, persons other than the Clients and the Collaborative attorneys, will benefit the Clients ("nonparty participants"). They understand that such nonparty participants may include:

- A NEUTRAL FACILITATOR to help us identify and express the Clients' interests and concerns, manage meetings, help the Clients and the Collaborative attorneys and any other nonparty participants communicate effectively with one another, help the Clients work together to enhance our effectiveness, help the Clients be more effective parents and to develop a parenting plan for any minor children.

- A NEUTRAL FINANCIAL PROFESSIONAL to help identify and articulate the Clients' financial interests and concerns, assist in identifying, cataloging and organizing the information necessary to reach a resolution of financial issues, prepare schedules to assist the Team in better understanding financial circumstances, and help develop options for resolution of the Clients' financial issues.

- OTHERS. The Clients understand that there may be a role for less frequently utilized nonparty participants, such as a child specialist, mediator, or separate coach for each Client.

B. CHANGE OF NONPARTY PARTICIPANTS. Once a nonparty participant is engaged by written agreement, neither Client may unilaterally discharge that nonparty participant, but removal or replacement of the nonparty participant is available if both agree. A nonparty participant may also withdraw by giving written notice to the Clients and the attorneys.

C. NEUTRAL AND INDIVIDUAL CONSULTANTS: The Clients also agree that there may be a role for one or more professionals who will not be full participants in the process, an individual consultant, such as an appraiser, business valuation specialist or other expert who may be neutral or may be engaged to assist only one of the Clients. Either Client may meet during the process with an individual consultant, but only if the Clients: (a) each advise the other, and both attorneys and any nonparty participants, in advance of each meeting with any individual consultant, (b) disclose the identity of and purpose for the individual consultant, and (c) instruct the individual consultant to follow the spirit and direction of the Collaborative Law Process. The Collaborative Team may share information and schedules that are subject to the privilege and confidentiality protections of this Agreement with an individual consultant only upon the individual consultant's written agreement to be bound by the confidentiality provisions of this Agreement. An individual consultant may be an attorney. An attorney individual consultant with whom a Client consults during the Collaborative Law Process is considered to be an adjunct Collaborative attorney subject to the disqualification provisions of this Agreement. Either Client may consult with mental health or health care professionals for his or her own therapy, diagnosis, or treatment without disclosure to the other Client and without any limitation.

D. EFFECT OF CONCLUSION OF THE PROCESS: Maximizing free communication among Clients, Collaborative attorneys and nonparty participants is fundamental to the Collaborative Law Process. Also fundamental is a limitation on the roles of the professionals such that all their efforts are focused solely on assisting the Clients in crafting an out-of-court resolution. Therefore, upon the conclusion of the

Collaborative Law Process, their nonparty participants, and employees or members of their firms, are disqualified from assisting either Client in any manner except as specified in this Agreement. A neutral nonparty participant may assist the Clients in a neutral or joint capacity after successful resolution of their collaborative matter if: (a) both of the Clients agree in writing, (b) the neutral nonparty participant agrees in writing, and (c) the written agreement specifies the nature of the neutral assistance to be provided.

## IV. CONFIDENTIALITY AND PRIVILEGE

A. CONFIDENTIALITY. Because maximizing free communication among Clients, Collaborative attorneys, and nonparty participants is fundamental to the Collaborative Law Process, all collaborative law communications, written, oral, nonverbal or otherwise, are agreed to be confidential.

B. PRIVILEGE. Although evidence or information that is otherwise admissible or subject to discovery does not become inadmissible or protected from discovery solely because of its disclosure or use in the Collaborative Law Process, the Clients understand that all communications during this process, whether written, oral, nonverbal or otherwise, are privileged except as specified by the Florida Family Law Rules of Procedure and Florida law. They acknowledge that this means that such communications are not subject to discovery, and are not admissible into evidence. Further, in an adversarial proceeding, the following privileges apply:

1. Either Client may refuse to disclose, and may prevent another person from disclosing, a collaborative law communication.

2. A nonparty participant may refuse to disclose, and may prevent another person from disclosing, a collaborative law communication of a nonparty participant.

## V. CLIENTS' ACKNOWLEDGMENTS AND RESPONSIBILITIES

A. They acknowledge that the respective Collaborative attorneys have each separately spent time with the Clients providing sufficient and detailed information about the Collaborative Law Process, including, but not limited to, the following:

- the benefits and risks of the Collaborative Law Process to resolve a family law matter;

- the nature and scope of the matter to be resolved through the Collaborative Law Process;

- the material benefits and risks of participating in the Collaborative Law Process;

- alternatives to the Collaborative Law Process;

- that participation in the Collaborative Law Process is voluntary and that either Client may unilaterally terminate the process at any time for any reason;

- that the Collaborative Law Process will terminate if either Client initiates a proceeding, or seeks tribunal intervention in a pending proceeding, related to their collaborative matter after this Agreement;

- the limitations on respective attorneys' participation in subsequent proceedings imposed by the Florida Family Law Rules of Procedure; and

- the fees and costs each Client can reasonably expect to incur in the Collaborative Law Process, including the fees of their Collaborative attorney and any participating mental health professionals and financial professionals.

B. The Clients acknowledge that if a resolution is reached using the Collaborative Law Process, the Clients will be giving up rights available in a litigated divorce, including the right to conduct formal discovery, participate in adversarial court hearings, and have a judge decide the outcome of the divorce.

C. Further, the Clients understand that the Collaborative Law Process:

- does not guarantee successful resolution;

- cannot eliminate concerns about disharmony, distrust, and irreconcilable differences that have led to their conflict or dispute;

- is not designed to address therapeutic or mental health issues;

- is voluntary and, despite their best efforts, the Clients may not reach a mutually acceptable settlement; and

- may be terminated by either of the Clients at any time for any or no cause or reason.

D. Further, the Clients understand that if resolution in the Collaborative Law Process is not successfully reached, the Clients will incur additional time and expense to obtain different professionals and commencing litigation, since the Collaborative attorneys, nonparty participants, and their respective firms will be discharged and disqualified. The Clients understand that they might feel pressure to settle to avoid this result and the additional costs.

E. The Clients acknowledge that they are expected to assert their own interests. Although each attorney represents the Client's interests, each Client is responsible for making sure their respective interests are expressed and considered.

F. The Clients acknowledge that they are responsible for deciding the scope and degree of any work performed by any nonparty participant or consultant, including if the Clients decide that it is not necessary or appropriate to have a professional perform work with the same level of detail as would be required or expected in a litigated proceeding.

G. The Clients agree that they will not seek in-court remedies or court intervention during the Collaborative Law Process and shall suspend any existing action that may have been filed. This will not prevent the Clients from filing signed temporary agreements or agreeing to other actions consistent with the Collaborative Law Process and this Agreement.

H. The Clients acknowledge that for the Collaborative Law Process to be successful, the Clients must each participate and negotiate in good faith. At a minimum, the Client will:

- provide timely, candid, full, and transparent financial disclosures, even if specific documents are not requested;

- continuously update financial disclosures, whether asked to do so or not;

- sign any releases necessary to obtain relevant information;

- not threaten litigation to obtain an advantage or achieve a desired result;

- maintain the financial and parenting status quo unless a written agreement varies the status quo;

- isolate their children from any conflict between them;

- refrain from unproductive repetitive discussions;

- use respectful language when speaking with each other during team meetings; and

- consult with the respective Collaborative attorney before taking any action even potentially inconsistent with any part of this Agreement.

I. The Clients acknowledge that meetings with multiple professionals can be costly. Each Client has a responsibility to provide requested documents in a timely manner and otherwise fully prepare for the meetings to keep the process efficient.

J. The Clients acknowledge that fees differ among various attorneys and law firms, as do the Client's individual needs. As a result, the Clients should expect their individual fees to differ, perhaps substantially.

K. The Clients understand that any agreements reached in the process are not legally binding unless in writing and signed by both Clients. Meeting notes are confidential, privileged, and not binding, but simply memorialize the discussions during their meetings.

## VI. TERMINATION

A. Participation in the Collaborative Law Process is voluntary. Thus, either Client can terminate the process at any time, with or without cause.

B. Termination occurs if either Client:

(i) gives notice to the other in a record that the process is ended;

(ii) begins a contested proceeding related to the Collaborative matter without the agreement of the other Client; or

(iii) in a pending proceeding related to the matter: (a) initiates a pleading, motion, order to show cause, or request for a conference with the court; (b) requests that the proceeding be put on the court's active calendar; or (c) takes similar action requiring notice to be sent; or

(iv) discharges a Collaborative attorney from further representation of one Client, unless he or she retains a successor Collaborative attorney within 30 days of the written notice of discharge or; in a signed record both Clients consent to continue the process by reaffirming this Agreement; and this Agreement is amended to identify the successor Collaborative attorney and the successor Collaborative attorney signs the amended Agreement.

Agreed on _____ by _____ and _____,
and respective Collaborative Attorneys acknowledged as follows:

_____       _____

*{Client 1's Name}*                                     *{Client 2's Name}*

I, _____, confirm that I am representing *{Client 1's Name}*

_____ in the Collaborative Law Process:

_____

*{Attorney}*

I, _____, confirm that I am representing *{Client 2's Name}*

_____ in the Collaborative Law Process:

_____

*{Attorney}*

# FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.985(c)
## JOINT NOTICE OF COLLABORATIVE LAW
## PARTICIPATION AGREEMENT (10/20)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In Re: The Marriage of:

_____, Petitioner,

and

_____, Respondent.

## JOINT NOTICE OF COLLABORATIVE LAW PARTICIPATION AGREEMENT

*{Petitioner's Name}* _____ and *{Respondent's Name}* _____, by and through their respective undersigned attorneys, hereby provide notice that on *{Date}* _____ they entered into a fully executed Collaborative Law Participation Agreement in accordance with Rule 12.745, Fla. Fam. L. R. P., to seek to resolve a matter related to this proceeding. The Parties understand that, pursuant to Section 61.58, Florida Statutes, this Notice shall operate as an application for a stay of this proceeding.

_____
Signature of Petitioner's Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es):_____
Florida Bar Number:_____

_____

Signature of Respondent's Attorney

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es):_____

Florida Bar Number:_____

# FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.985 (d)
## CONFIDENTIALITY AGREEMENT
## (FOR NEUTRAL OR INDIVIDUAL CONSULTANT OR NOTE TAKER) (10/20)

**(Client 1's Name)** and **(Client 2's Name) Collaborative Matter**

*{Name of neutral or individual consultant or note taker}* is acting as *{Title}* in this collaborative matter.

Accordingly, *{Name of neutral or individual consultant or note taker}* agrees to the following:

Participation in this collaborative matter is subject to the continuing consent of *{Client 1's Name}* and *{Client 2's Name}.* Consent to participate and/or access to confidential information may be withdrawn at any time.

It is *{Name of neutral or individual consultant or note taker}*'s duty to disclose conflicts of interest and/or associations with the participants.

*{Name of neutral or individual consultant or note taker}* agrees that he/she has been provided a copy of the Clients' Collaborative Law Process Participation Agreement and is familiar with and agrees to be bound by the terms and principles thereof.

*{Name of neutral or individual consultant or note taker}* agrees to refrain from participating in or recording the meetings, unless requested to do so by the participants.

*{Name of neutral or individual consultant or note taker}* agrees to keep confidential all aspects of the collaborative matter.

*{Name of neutral or individual consultant or note taker}* agrees not to have any deliberate contact with the Clients after conclusion of the Collaborative Law Process unless such is requested and agreed upon by both Clients.

_____
Neutral or Individual Consultant or Note Taker


_____
Client 1



_____
Client  2

Florida Family Law Rules of Procedure Form 12.985(d), Confidentiality Agreement (for Neutral or Individual Consultant or Note Taker) (10/20)

# FLORIDA FAMILY LAW RULES OF PROCEDURE
# FORM 12.985(e)
# AMENDMENT TO COLLABORATIVE LAW PROCESS PARTICIPATION
# AGREEMENT (10/20)

We, the undersigned Clients, *{Client 1's Name}* and *{Client 2's Name},* entered into the attached Collaborative Law Process Participation Agreement committing to resolve through the Collaborative Law Process, under Florida's Collaborative Law Process Act, without the intervention of a court or other tribunal, the following collaborative matter(s):

*{Client 1's Name}/{Client 2's Name}* is substituting *{Former Collaborative Attorney's Name}* as his or her Collaborative attorney, and both Clients hereby consent to continue the process by reaffirming the attached Collaborative Law Process Participation Agreement. Further, our attached Collaborative Law Process Participation Agreement is hereby amended to identify *{New Collaborative Attorney's Name}* as *{Client's Name}*'s successor Collaborative attorney and, by signing below, the successor Collaborative attorney has signed this resulting amended Collaborative Law Process Participation Agreement.

This Amendment to Collaborative Law Process Participation Agreement is made in compliance with Rule 12.745, Fla. Fam. L. R. P., and the terms of the attached original Collaborative Law Process Participation Agreement.

Agreed on *{Date}* _____ by *{Client 1's Name}* and *{Client 2's Name},* and representation by their respective Collaborative attorneys acknowledged as follows:


_____  _____
Client 1                                           Client 2


I, *{Attorney's Name},* confirm that I am representing *{Client 1's Name}* in the Collaborative Law Process.

I, *{Attorney's Name},* confirm that I am representing *{Client 2's Name}* in the Collaborative Law Process.


_____  _____
Attorney                                           Attorney


Florida Family Law Rules of Procedure Form 12.985(e), Amendment to Collaborative Law Process Participation Agreement (10/20)

- 26 -

**FLORIDA FAMILY LAW RULES OF PROCEDURE**
**FORM 12.985(f)**
**NOTICE OF TERMINATION OF COLLABORATIVE LAW PROCESS (10/20)**

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In Re: The Marriage of:

_____
                                    Petitioner

and

_____
                          Respondent

# NOTICE OF TERMINATION OF COLLABORATIVE LAW PROCESS

_____, by and through _____, his or her undersigned attorney, hereby provides notice in accordance with Section 61.58, Florida Statutes, that the parties' Collaborative Law Process has terminated.

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was **[check all used]** to the person(s) listed below on *{date}* _____.

_____ Petitioner: (    ) e-mailed  (    ) mailed  (    ) faxed  (    ) hand-delivered

_____ Attorney for Petitioner: (    ) e-mailed  (    ) mailed  (    ) faxed  (    ) hand-delivered

_____ Respondent: (    ) e-mailed  (    ) mailed  (    ) faxed  (    ) hand-delivered

_____ Attorney for Respondent: (    ) e-mailed  (    ) mailed  (    ) faxed  (    ) hand-delivered

_____ Other: (     ) e-mailed   (     ) mailed   (     ) faxed   (     ) hand-delivered

_____
Signature of Party or his or her Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-Mail Address(es): _____
Florida Bar Number: _____

# FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.985(g)
## JOINT VERIFIED PETITION AND VERIFIED ANSWER FOR DISSOLUTION OF MARRIAGE (10/20)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____

Division: _____

In Re: The Marriage of:

_____,
Petitioner,

and

_____,
Respondent.

# JOINT VERIFIED PETITION AND VERIFIED ANSWER FOR DISSOLUTION OF MARRIAGE

Petitioner, _____, and Respondent, _____, jointly petition for the dissolution of their marriage and for grounds state:

1. This is a Collaborative Family Law action for dissolution of marriage and other relief incident thereto.

2. The parties have been residents of _____ County, Florida, for more than 6 months immediately before filing this Petition.

3. The parties were married to each other on *{Date}* _____ and have been separated since *{Date}* _____.

4. The marriage between the parties is irretrievably broken.

5. The Petitioner states that he/she is not a member of the military in the United States or any of its Allies. The Respondent states that he/she is not a member of the military in the United States or any of its Allies.

Florida Family Law Rules of Procedure Form 12.985(g), Joint Verified Petition and Verified Answer for Dissolution of Marriage (10/20)

- 29 -

6. There has/have been _____ child/children born of the marriage, to wit: *{Name of Child/ren}* _____, born *{Date}* _____.

7. Pursuant to the requirements of the Uniform Child Custody Jurisdiction and Enforcement Act, Sections 61.522, Florida Statutes, the parties state:

A. During the last 5 years, the minor child(ren) have/has lived with the parties at _____ _____ _____.

B. Neither party has participated as a party, witness, or in any other capacity in any other litigation or custody proceeding concerning the custody of the above-named minor child(ren) in this state or elsewhere.

C. Neither party has information of any custody proceedings concerning the above-named minor child(ren) pending in a court of this state or any other jurisdiction at this time.

D. Neither party knows of another person not a party to this proceeding who has physical custody of the minor child(ren) or who claims to have custody or visitation rights with respect to the parties' minor child(ren).

E. The minor child(ren) identified herein are not subject to an existing child support order in this state or in any other state or territory.

F. The parties will continue to inform this Court of any custody, visitation, child support, or guardianship proceedings concerning the minor child(ren) in this or any other jurisdiction of which they may obtain information during the course of these proceedings.

8. The parties resolved this Dissolution of Marriage matter through the Collaborative Law Process. The parties entered into a Collaborative Marital Settlement Agreement on *{Date}* _____.

9. The parties have resolved all issues with regard to the dissolution of their marriage through their Collaborative Marital Settlement Agreement including parental responsibility and timesharing of their children, equitable distribution, child support, alimony, and attorneys' fees.

10. The Court should ratify and confirm the parties' Collaborative Marital Settlement Agreement.

11. The _____Petitioner _____Respondent wishes to be restored to her former name of _____. The _____Petitioner _____Respondent has never been convicted of a felony, has never been adjudicated bankrupt, is not seeking to avoid any creditors, and is not seeking the name change for any ulterior or illegal purpose.

WHEREFORE, the Petitioner, _____, and the Respondent, _____, respectfully pray this Court to enter a Final Judgment wherein the Court:

A. Takes jurisdiction over the subject matter and the parties hereto;

B. Dissolves the parties' marriage to each other;

Florida Family Law Rules of Procedure Form 12.985(g), Joint Verified Petition and Verified Answer for Dissolution of Marriage (10/20)

- 30 -

C. Ratifies and confirms the parties' Collaborative Marital Settlement Agreement;

D. Restores the Wife's maiden name so she will thereafter be known as_____; and

E. Retains jurisdiction over the parties and the subject matter to enforce the terms of the parties' Collaborative Marital Settlement Agreement.

### VERIFIED ANSWER TO JOINT VERIFIED PETITION FOR DISSOLUTION OF MARRIAGE

The parties each admit all of the allegations contained in Paragraphs 1 through 11 above of the Joint Verified Petition for Dissolution of Marriage and request that this Court dissolve their marriage as requested therein.

**Under penalties of perjury, which can include fines and/or imprisonment, I declare that I have read this document and that the facts stated in it are true**.

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es):_____

_____
Signature of Petitioner's Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es):_____
Florida Bar Number: _____

Florida Family Law Rules of Procedure Form 12.985(g), Joint Verified Petition and Verified Answer for Dissolution of Marriage (10/20)

- 31 -

**Under penalties of perjury, which can include fines and/or imprisonment, I declare that I have read this document and that the facts stated in it are true**.

Dated: _____

_____
Signature of Respondent

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es):_____

_____
Signature of Respondent's Attorney

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es):_____

Florida Bar Number: _____

Florida Family Law Rules of Procedure Form 12.985(g), Joint Verified Petition and Verified Answer for Dissolution of Marriage (10/20)

- 32 -